UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS REA BUSTAMANTE,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY,

Respondents.

No.  1:26-cv-00710-DAD-SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 1, 10)

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 13, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 10.)  Specifically, the assigned magistrate judge found that petitioner acquired a liberty interest in his continued release from immigration detention in September 2022 and that consideration of the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors weigh in favor of petitioner, thus necessitating petitioner's release.  (*Id.* at 5–6.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 7.)

1

On February 19, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 13.) Respondents argue that petitioner's detention is lawful because statutorily authorized indefinite detention does not violate due process pursuant to the reasoning of the Ninth Circuit in in *Barrera-Echavarria*. (Doc. No. 13 at 1.) *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) (en banc), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837-38 (9th Cir. 2002)). The court incorporates its reasoning in *Valencia, v. Noem, et al.*, No. 1:26-cv-00563-DAD-SCR, 2026 WL 670349 (E.D. Cal. Mar. 10, 2026), in which the court explained why this argument advanced by respondent is unpersuasive. Accordingly, the undersigned concludes that respondents' objections provide no basis on which to decline adopting the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations filed on February 13, 2026 (Doc. No. 10) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.    Respondents are ORDERED to immediately release petitioner from their custody on the same conditions he was subject to prior to his October 23, 2025 re-detention, if he has not already been released;

   b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide petitioner with written notice and a pre-deprivation bond hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk; and

/////

/////

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE